91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Wayne HERMANSON, Defendant-Appellant.
 No. 95-10450.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1996.*
Decided July 10, 1996.
 
 1
 Before: O'SCANNLAIN and LEAVY, Circuit Judges; MOSKOWITZ,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 David Wayne Hermanson appeals from his jury conviction for unlawful possession of explosives by a felon.
 
 
 4
 * Hermanson argues that the district court erred in not holding that he was entrapped as a matter of law. The entrapment defense has two elements: (i) government inducement of the crime, and (ii) the absence of predisposition on the part of the defendant. United States v. Lorenzo, 43 F.3d 1303, 1305 (9th Cir.1995); United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994). Because an appellate court is not in a position to determine whether a defendant was entrapped where the jury chose between conflicting witnesses, the elements of entrapment must be proven by undisputed evidence. Id. at 1430; see Sherman v. United States, 356 U.S. 369, 373-77 (1958). As Hermanson cannot meet this requirement, his argument fails.
 
 
 5
 Hermanson claims that he was persuaded to deal in explosives only after much cajoling by Joseph Holmes, a confidential government informant. Holmes, by contrast, testified that it was Hermanson who first raised the subject of explosives and first proposed selling explosives to Holmes. Therefore, Holmes' testimony directly conflicts with Hermanson's assertion that he was induced to commit a crime to which he was not predisposed. Faced with conflicting testimony, we defer to the finding of the jury, and conclude that Hermanson was not entrapped as a matter of law.
 
 II
 
 6
 Hermanson next argues that the district court lacked subject matter jurisdiction because the transportation of explosives in interstate commerce does not create a sufficient nexus to confer congressional authority under the Commerce Clause. Hermanson bases this argument on the Supreme Court's recent decision in United States v. Lopez, 115 S.Ct. 1624 (1995). Lopez is inapposite because the statute is invalidated, 18 U.S.C. § 922(q), lacked a jurisdictional element. Id. at 1631 (" § 922(q) contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce"). By contrast, the statute that Hermanson attacks contains a jurisdictional element limiting its application to explosives "shipped or transported in interstate or foreign commerce." See 18 U.S.C. § 842(i). In distinguishing the present case from Lopez on this basis, we follow this court's recent decision in United States v. Hanna, 55 F.3d 1456, 1462 n. 2 (9th Cir.1995) (upholding 18 U.S.C. § 922(g) on the ground that the statute's jurisdictional element was sufficient to establish its constitutionality under the Commerce Clause); see also United States v. Rambo, 74 F.3d 948, 952 (9th Cir.1996) (upholding 18 U.S.C. § 922(o) even without a jurisdictional element on the ground that by prohibiting machinegun possession, Congress is effectively regulating interstate trafficking in machineguns and is therefore acting within its authority under the Commerce Clause). In light of this court's analysis in Hanna, Hermanson's dependence on Lopez is misplaced.
 
 
 7
 Nevertheless, Hermanson argues that under Lopez, section 842(i) is invalid because the possession of explosives by a felon has no "substantial effect" on interstate commerce. In support of this proposition, Hermanson cites United States v. Pappadopoulos, 64 F.3d 522 (9th Cir.1995). However, Pappadopoulos is clearly distinguishable because the statute it considered, 18 U.S.C. § 844(i), contained a jurisdictional element that specifically invoked the "affecting commerce" test (and, therefore, the "substantial effect" standard of Lopez ). See 18 U.S.C. § 844(i) ("[this statute applies to] real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce ") (emphasis added). As the property involved in Pappadopoulos was a private residence entirely within one state, there was no direct tie to the channels of interstate commerce, and the "substantial effect" standard was necessarily called into play. Pappadopoulos, 64 F.3d at 526-28. Here, in contrast, a connection to interstate commerce clearly exists because the explosives in question actually crossed state lines. Moreover, the "effect" of an activity on interstate commerce is a relevant inquiry only as applied to intrastate activities with interstate effects. United States v. Robertson, 115 S.Ct. 1732, 1733 (1995) (per curiam). Where, as here, an activity proscribed by Congress implicates the channels of interstate commerce, the regulation falls within the first category enumerated by Lopez, and federal jurisdiction is established. See Lopez, 115 S.Ct. at 1629-30. Because Hermanson stipulated at trial that the explosives in question travelled in interstate commerce, a sufficient nexus has been demonstrated.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3